IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, #121865, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CASE NO. 1:08-CV-377-MHT |
| ) | [WO] |
| ) | |
| JAMES REYNOLDS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James L. Robinson ["Robinson"], a state inmate, on May 17, 2008.[1] In this petition, Robinson challenges the constitutionality of his guilty pleas to breaking/entering a motor vehicle and possession of a forged instrument entered before the Circuit Court of Houston County, Alabama on May 4, 1999. On this same date, the trial court sentenced Robinson to twenty-five years imprisonment as a habitual offender and did not suspend any portion of the sentences imposed. *Respondents' Exhibit - Court Doc. No. 16-3* at 21, 62-63. The trial court did, however, order that a portion of the sentences imposed for the

---

[1] The Clerk stamped the instant habeas petition filed on May 21, 2008. Nevertheless, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed herein indicate that Robinson presented the petition to prison officials for mailing on May 17, 2008. *Memorandum in Support of Petition for Habeas Corpus Relief - Court Doc. No. 2* at 1, 13. In light of the foregoing and for purposes of this proceeding, the court considers May 17, 2008 as the date of filing.

challenged convictions run concurrent with other prior convictions. *Id.* (Robinson sentenced to imprisonment in the penitentiary for a "term of 25 years under [Habitual Felony Offender Act], fifteen years thereof to run concurrent with" sentences imposed in previous cases.). Robinson did not file a direct appeal of his breaking and entering or forged instrument convictions and these convictions therefore became final by operation of law on June 15, 1999.

As support for his petition, Robinson maintains he did not knowingly and intelligently enter the guilty plea to either charge because the sentences contained in his prison file fail to comport with the sentences allegedly contained in the plea agreement and imposed by the trial judge.[2] Robinson argues the challenge to his convictions is based on newly discovered evidence because he did not learn of the actual term of the sentences imposed until June of 2006 and, therefore, had no knowledge of either the purported breach of the plea agreement or alleged failure to follow the terms of the sentences imposed until such date. Robinson further argues that his constitutional rights have been violated by the failure of the state courts to address the merits/facts of his claims and the respondents refusal to produce those records necessary for a determination of his issues.

---

[2]Robinson asserts the plea agreement proposed a sentence of 25 years with 15 years to be suspended. He argues that at sentencing the trial court imposed a sentence of 25 years with "15 years of 25 suspended[,]" *Memorandum in Support of Petition for Habeas Corpus Relief - Court Doc. No. 2* at 14, but the sentence now reflected on his record indicates a straight sentence of 25 years thereby violating the terms of the plea agreement and the sentence actually imposed at sentencing. As previously noted, the trial court imposed concurrent sentences of 25 years for the breaking/entering and forged instrument convictions and ordered that 15 years of these sentences run concurrent with sentences issued for other prior convictions. The trial court **did not** suspend any portion of the breaking/entering or forged instrument sentences.

The respondents filed answers in which they argue that Robinson's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Robinson's forged instrument and breaking/entering an automobile convictions became final in 1999 -- **after** the effective date of the statute of limitations -- Robinson must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents acknowledge that Robinson filed a state petition for writ of habeas corpus on June 19, 2005 and a Rule 32 petition on December 4, 2006. However, the respondents assert that these state post-conviction actions did not toll the one-year period of limitation contained in § 2244(d)(1) because Robinson filed these actions after expiration of the federal limitation period and the actions were therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite limitation period. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Moreover, the Alabama Court of Criminal Appeals deemed the Rule 32 petition barred by the period of limitations set forth in Rule 32.2(c), *Alabama Rules of Criminal*

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

*Procedure. Respondents' Exhibit C - Court Doc. No. 16-4* at 2-3; *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)]*, which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. [A state post-conviction motion which is] untimely, ... was not 'properly filed,' and [petitioner is not entitled to statutory tolling of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 7, 4 (2007) ("When a postconviction petition [or motion] is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (An untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation."). The respondents therefore maintain Robinson is not entitled to statutory tolling of the federal limitation period as he failed to properly file any state post-conviction action prior to expiration of such time period in June of 2000. The respondents further argue Robinson has failed to establish entitlement to equitable tolling of the limitation period as he has shown neither extraordinary circumstances beyond

4

his control nor due diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In sum, the respondents assert that the applicable period of limitation expired prior to Robinson filing the instant federal habeas petition and argue that this petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A). Additionally, the respondents argue Robinson's claim of imposition of suspended sentences is refuted by the record as the trial court did not order suspension of any portion of either challenged sentence.

Based on the foregoing, the court entered an order advising Robinson he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of August 6, 2008 - Court Doc. No. 22*. This order also provided Robinson an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 6-7. In response to this order, Robinson maintains he did not learn of the perceived discrepancy in the imposed sentences and his understanding of the guilty plea until June of 2006, when he received a time sheet after issuance of an order by the Houston County Circuit Court granting his motion for concurrent sentences regarding various pre-1999 convictions. Robinson therefore argues he is entitled to equitable tolling of the limitation period until June of 2006 when he actually became aware of the precise terms of the sentences imposed.[4] Robinson also

---

[4] It is undisputed that the order entered by the trial court in June of 2006 in no way affected the terms of the sentences imposed upon Robinson in 1999 for breaking/entering a motor vehicle and possession of a forged instrument.

contends the challenge to the constitutionality of his guilty pleas based on the alleged impropriety of the sentences imposed for such convictions is a jurisdictional issue not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A).

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Robinson failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was

>initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On May 4, 1999, Robinson personally appeared before the Circuit Court of Houston County, Alabama, accompanied by his attorney, and entered guilty pleas to charges of breaking/entering a motor vehicle and second degree possession of a forged instrument.

7

Upon acceptance of his guilty pleas, the trial court immediately sentenced Robinson to twenty-five years imprisonment as a habitual offender. *Respondents' Exhibit B - Court Doc. No. 16-3* at 21, 62-63. The trial court did not suspend any portion of the sentences imposed but did order that 15 years of these sentences run concurrent with previously imposed sentences. *Id*. Robinson did not challenge the sentences at this time nor did he appeal the sentences imposed by the trial court. Since Robinson failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Robinson's convictions became final on June 15, 1999 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his conspiracy conviction expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) therefore began to run on June 16, 1999. In the absence of equitable tolling or statutory tolling under 28 U.S.C. § 2244(d)(2), the limitation period expired on June 16, 2000.

### B.  Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds

8

apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Initially, Robinson argues the challenges to the constitutionality of his guilty pleas based on the sentences imposed is a state jurisdictional issue exempted from the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the aforementioned statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law. Contrary to Robinson's self-serving, conclusory allegations of "trickery" by the prosecution, *Petitioner's September 4, 2008 Response - Court Doc. No. 25* at 3, the court notes that no government impediment existed

9

to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right. Moreover, the factual predicate of Robinson's claims for federal habeas relief were available to him at the time the trial court imposed the challenged sentences upon him. These claims therefore fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Thus, the claims presented by Robinson attacking the constitutionality of his guilty pleas as unlawfully induced/involuntary are properly subjected to the one-year period of limitation mandated by federal law.

Robinson next appears to allege he is entitled to equitable tolling because he did not understand the manner in which the "one year period of [limitation] would apply." *Petitioner's September 4, 2008 Response - Court Doc. No. 25* at 4. This allegation entitles Robinson to no relief because neither an inmate's lack of legal knowledge, his failure to understand legal principles nor the inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir.2004) (neither pro se status nor ignorance of the law justifies equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable

tolling of the statute of limitations), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.1999) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Finally, Robinson argues equitable tolling is justified until June of 2006 as this is the time when he discovered the perceived discrepancy in the sentences imposed and those proposed in the guilty plea agreement entered with the State. *Petitioner's September 4, 2008 Response - Court Doc. No. 25* at 4-5. ("The sentence which was imposed, was not being applied as guilty plea agreement mandated. Robinson had no way of knowing [such discrepancy until he received a new time sheet based on the trial court's issuance of a] Tunc Pro Tunc Order" in June of 2006 granting Robinson's request that prior sentences run concurrent to each other.). This assertion lacks credibility and merit.

The record in this case establishes that Robinson was present at all critical stages

11

of the relevant criminal prosecutions. Specifically, Robinson concedes his knowledge and acceptance of a proposed guilty plea agreement. He also acknowledges his presence at both the guilty plea proceedings and sentencing hearings conducted immediately after his entry of the challenged guilty pleas. Thus, Robinson had either actual or constructive knowledge of the factual basis for each claim challenging the constitutionality of his convictions/sentences at the time the court imposed sentence upon him and could have presented such claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Under these circumstances, Robinson needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *Pliler v. Ford*, 542 U.S. 225, 232, 124 S.Ct. 2441, 2446-2447 (2004) (petitioners are not required "to attach to their petitions, or to file separately, state-court records" when initiating a federal habeas action); *McCleskey v. Zant*, 499 U.S. 467, 500, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (unavailability of document, the contents of which petitioner had at least constructive knowledge, did not prevent petitioner from raising claims related to such document in his habeas petition). Moreover, the law is well settled that "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st

Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd*, 296 F.3d at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include" claims arising during these proceedings in a properly filed habeas petition.).

It is likewise clear from the record that nothing prevented Robinson from filing a timely habeas petition and then clarifying the petition once he had received relevant state court records. *Robinson v. Johnson,* 313 F.3d 128, 143 (3rd Cir. 2002) (In denying petitioner equitable tolling based on the deprivation of legal materials, the Court noted that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."). Thus, even though Robinson was not in possession of the proposed guilty plea agreement, guilty plea transcript or sentencing records for the period of time he alleges, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition. *Drew*, 297 F.3d at 1290; *Lloyd,* 296 F.3d at 634 ("[E]quitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition."); *Donovan*, 276 F.3d at 93 (delay in obtaining state court records not a basis for equitable tolling of one-year limitation period); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of

13

access to a trial transcript [or other records] does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of transcript or records does not warrant equitable tolling); *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D.La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States,* 30 F.Supp.2d 772, 779-780 (D.N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck,* 980 F.Supp. 1108, 1110-1111 (C.D.Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling); *Robinson*, 313 F.3d at 142-143 (3rd Cir. 2002) (petitioner's claim of deprivation of legal materials did not warrant equitable tolling). Consequently, Robinson's asserted lack of access to various state court records does not establish an extraordinary circumstance sufficient to justify equitable tolling.

In light of the foregoing, the court concludes that Robinson has failed to establish an extraordinary circumstance sufficient to justify equitable tolling. Moreover, Robinson has presented nothing which indicates he exercised the requisite diligence in researching or presenting his issues to this court. Robinson is therefore entitled to neither utilization of the start date contained in 28 U.S.C. § 2244(d)(1)(B) and (D) nor equitable tolling of the limitations period. Hence, the court will address whether statutory tolling of the federal limitation period is warranted.

### C. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Robinson filed a state habeas petition on January 19, 2005 and a Rule 32 petition on December 4, 2006, these state post-conviction actions had no affect on the running of the applicable one-year period of limitation as Robinson filed these actions after expiration of the limitation period.[5] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *Tinker*, 255 F.3d at 1335 n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, the state habeas and Rule 32 petitions filed by Robinson in January of 2005 and December of 2006, respectively, did not toll the limitation period applicable to this federal habeas petition. *Webster*, 199 F.3d at 1259.

### D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes that Robinson has failed to

---

[5]Robinson filed each of these state collateral actions several years after § 2244(d)'s one-year period of limitation expired.

present any credible basis for either equitable or statutory tolling of the one-year federal period of limitation. The limitation period therefore began to run on June 16, 1999 and ran interrupted without either statutory or equitable tolling until its expiration on June 16, 2000. Robinson filed the instant petition for federal habeas relief on May 17, 2008, over 7 years and 11 months after expiration of the federal limitation period. Robinson has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by James L. Robinson on May 17, 2008 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before March 26, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of March, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE