IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
JAMES L. ROBINSON, #121865, )
                             )
     Petitioner,             )
                             )    CIVIL ACTION NO.
     v.                      )     1:08cv377-MHT
                             )         (WO)
                             )
JAMES REYNOLDS, et al.,      )
                             )
     Respondents.            )
```

OPINION AND ORDER

On May 17, 2008, petitioner James L. Robinson, a prisoner of the State of Alabama, initiated this 28 U.S.C. § 2254 challenge to his state convictions, imposed on him on May 4, 1999, for breaking and entering a motor vehicle and possession of a forged instrument. On March 12, 2010, the magistrate judge entered a recommendation that this case be dismissed as Robinson had failed to file his § 2254 petition within the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Robinson did not object to the recommendation. Thus, on April 7, 2010, after an independent and de novo review of the

record, this court adopted the recommendation as its opinion and entered a final order and judgment.

On June 13, 2013, Robinson filed a "Motion under Rule 60 [for] Correcting of Records and Law," in which he requests that this court withdraw a so-called order entered on March 26, 2010, and issue a new judgment. However, because no action was taken in this case on March 26, 2010, this court construes Robinson's Fed.R.Civ.P. 60 motion as an attack on the final order and judgment of April 7, 2010.

In the Rule 60 motion, Robinson argues he is entitled to the requested relief based on an order issued with regard to a third, 1988 sentence in a burglary case, on January 10, 2010, granting a motion for time served. (In this time-served motion with regard to the 1988 burglary sentence, Robinson argued he should be awarded credit towards his 25-year burglary sentence for all time served on any conviction, thereby rendering his 1988 burglary sentence complete.)  Robinson asserts in this federal

case that this state-court order acted to terminate not only his 1988 sentence but also his 1999 sentences. This argument, however, hinges on the following patently erroneous factual assumptions: (1) the 1988 burglary sentence and the 1999 sentences ran concurrently during the entirety of his incarceration on the 1988 sentence, including time served prior to his 1999 convictions; and (2) the order with regard to the 1988 burglary sentence addressed the 1999 sentences imposed against him. Robinson argues relief is warranted under Rule 60 due to alleged misrepresentations or misconduct by the State during the proceedings before this court as contemplated by Rule 60(b)(3). Motion (Doc. No. 29) at 2 ("No state government officials can knowingly conspire to make Robinson a slave in Alabama prison under illegal means."). He also appears to argue that he should be relieved from the judgment due to mistake or for other general reasons as permitted under the provisions of Rule 60(b)(1) and (6).

Fed.R.Civ.P. 60(c)(1) provides that, "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order...."  To the extent Robinson seeks relief under Rule 60(b)(1), (3), and (6), his motion is not timely filed.  Robinson did not file his motion within a year of entry of the challenged final order and judgment and also failed to file the motion within a reasonable time.  In addition, the arguments set forth by Robinson in his motion do not in any way undermine the determination that he failed to file his 28 U.S.C. § 2254 petition within the applicable one-year period of limitation.  Consequently, relief from the final order and judgment is not warranted.

(The argument underlying the Rule 60 motion is likewise without merit as the record demonstrates that only the initial 15 years of the 1999 sentences were to run concurrent with the time Robinson had yet to serve on the 1988 sentence.  Furthermore, Robinson served the

4

sentences concurrently only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences.  That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences.  Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect.  Finally, the order issued with regard to the 1988 burglary sentence granting Robinson's request for time served did not reference or address any other sentence and, therefore, did not impact the remaining time of 25 years of the 1999 sentences.)

***

In light of the foregoing, it is ORDERED that petitioner James L. Robinson's "Motion under Rule 60

[for] Correcting of Records and Law" (doc. no. 29) is denied.

DONE this the 8th day of July, 2013.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**